UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| LEXUS RODRIGUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:20-CV-00004-LEW |
| | ) | |
| MENTOR ABI, LLC D/B/A | ) | |
| NEURORESTORATIVE MAINE, | ) | |
| | ) | |
| Defendant, | ) | |

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

In this action, Lexus Rodriguez ("Plaintiff"), alleges Mentor ABI d/b/a Neurorestorative Maine ("Defendant") discriminated and retaliated against him in violation of Section 1981 of the Civil Rights Act of 1866 ("Section 1981"), Title VII of the Civil Rights Act ("Title VII"), the Maine Human Rights Act ("MHRA"), and the Maine Whistleblowers' Protection Act ("MWPA"). Compl. (ECF No. 1). Defendant moves for summary judgment, asserting that it had a legitimate reason to terminate Plaintiff. Mot. Summ. J. (ECF No. 44).

In Counts I, III and V and Counts II, IV, and VI, Plaintiff advances claims of discrimination and retaliation, respectively, under § 1981, Title VII, and the MHRA. Applying the *McDonnell Douglas* framework, although Defendant has produced a race-neutral explanation for its decision to terminate Plaintiff's employment, Plaintiff has raised genuine issues of material fact in support of his claims based on a prima facie showing,

1

close temporal relationship between his opposition to an assignment and his termination, and other circumstances associated with Defendant's conduct that may persuade a jury that the race-neutral explanation was pretextual.

In Count VII, Plaintiff alleges that Defendant also violated the MWPA. The MWPA prohibits employers from retaliating against employees who make a "good-faith report of . . . 'a condition or practice that would put at risk the health or safety of' any person." *Theriault v. Genesis Healthcare LLC*, 890 F.3d 342, 349 (1st Cir. 2018) (internal citations omitted). To evade summary judgment, Plaintiff need only show that he engaged in protected activity, suffered an adverse employment action, and a causal connection existed between the two events. *Id.*; *see also Johnson v. York Hosp.*, 2019 ME 176, ¶ 29, 222 A.3d 624, 632-33 (explaining that for claims under the MWPA, "the remaining steps [of the *McDonnell Douglas* framework] are useful only at trial where the burden of persuasion is at issue" (citing *Brady v. Cumberland County*, 2015 ME 143, ¶ 39, 126 A.3d 1145)). The MWPA covers two related, but distinct, categories of claims. The first category involves employee revelations concerning "concealed or unknown safety issue[s]." *Pushard v. Riverview Psychiatric Ctr*, 2020 ME 23 ¶ 19, 224 A.3d 1239. The second, relevant here, involves an employee report "made to *shed light on and 'in opposition to'* an illegal act or unsafe condition." *Id.* at ¶ 20 (emphasis in original) (quoting *Harrison v. Granite Bay Care Inc.*, 811 F.3d 36, 51 (1st Cir. 2016)). Plaintiff has raised a genuine issue whether his opposition to working an unscheduled overnight shift with Client R "shed light on" on an unsafe condition, specifically, his on-call supervisor's evening directive that he

report to the home of a client known to become "triggered" at the arrival of persons of color at his residence at night. In the event the jury resolves that issue in Plaintiff's favor, the jury might also conclude that Plaintiff's opposition was the but-for cause of his termination rather than the inelegant manner in which he expressed his opposition.

Defendant's Motion for Summary Judgment (ECF No. 44) is DENIED.

**SO ORDERED.**

Dated this 25th day of August, 2021.

/s/ Lance E. Walker
UNITED STATES DISTRICT JUDGE